IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JON G. STERNITZKY
and HEATHER M. STERNITZKY,

                              Appellants,                      OPINION AND ORDER

        v.                                                     21-cv-822-wmc

STATE BANK FINANCIAL,

                              Appellee.

In this appeal from the United States Bankruptcy Court for the Western District of
Wisconsin, Jon and Heather Sternitzky seek review of the bankruptcy court's grant of
Appellee State Bank Financial's motion for relief from an automatic stay and dismissal of
the Sternitzkys' Chapter 12 case.  Because the bankruptcy court did not clearly err in
granting State Bank relief based on the Sternitzkys' lack of good faith in filing their third
petition for "family farm" relief under Chapter 12.  This court will affirm.

BACKGROUND

A. Bankruptcy Proceedings

Appellants Jon and Heather Sternitzky conduct business as Lynnview Farms, LLP
("Lynnview") and are in debt to State Bank, which holds a mortgage on their real estate
and a properly perfected security interest in their equipment, fixtures, crops, and inventory.
In turn, Jon's parents, Gary and Joyce Sternitzky ("Gary and Joyce"), are co-debtors on the
debt owed to State Bank, having originally owned the mortgaged real estate that Jon and
Heather now use in their farming operation.

On June 23, 2021, the Sternitzkys filed their third related Chapter 12 petition in a

span of three years.  (Dkt. #1.)  The first bankruptcy case was filed in the name of Lynnview Farms in May 2018.  In that proceeding, Lynnview and State Bank entered into a stipulation agreement to provide State Bank adequate protection.  Specifically, Lynnview restructured its debts under a confirmed Chapter 12 plan and began making scheduled payments, but then defaulted on the protection payments owed to State Bank.  As a result, by February 2020, Lynnview had moved to suspend all plan payments and moved to dismiss the first Chapter 12 case.  After the first dismissal, State Bank initiated a state court foreclosure and replevin action in March 2020 against all four of the Sternitzkys, as well as Lynnview Farms.  During this same timeframe, without seeking consent from State Bank, Gary and Joyce transferred ownership of their mortgaged real estate by quitclaim deed to Jon and Heather, just before State Bank's *lis pendens* was recorded.

On the eve of a summary judgment hearing in state court in September 2020, Jon and Heather Sternitzky filed their second Chapter 12 petition.  The younger Sternitzkys then reached another stipulation agreement with State Bank in January 2021.  As part of this stipulation agreement, the Sternitzkys agreed to the immediate entry of judgment of foreclosure in the state court action against them.  State Bank also agreed not to execute that judgment or proceed with a Sheriff's sale unless and until the Sternitzkys defaulted on the agreed repayment terms and failed to cure such default timely.  The bankruptcy court again approved the parties' restructuring agreement.

During the implementation of this second Chapter 12 plan, the Sternitzkys notified State Bank that they intended to cease their dairy farming operation, and convert to a cash grain operation, resulting in the bankruptcy court approving the Sternitzkys' motions to

2

sell their dairy cattle and 160 acres of wooded land with liens to attach to the proceeds. State Bank later received the proceeds from the sale of its collateral, but $589,533.59 of its claim, plus interest, attorneys' fees, and delinquent real estate taxes remained outstanding.

Unfortunately, the Sternitzkys again defaulted on their latest stipulation agreement by failing to make a payment due in March of 2021. Soon after, the bankruptcy court dismissed the Sternitzkys' second Chapter 12 case for their failure to file an acceptable plan timely. After the second case was dismissed, State Bank filed a motion in state court seeking summary judgment against the Sternitzkys based on their latest default of their stipulation agreement. On the day before the summary judgment hearing in state court, the Sternitzkys filed their third Chapter 12 petition.

Early in the Sternitzkys' third Chapter 12 case, State Bank filed motions to dismiss and for relief from the automatic stay. The bankruptcy court held a preliminary hearing on those motions and requested briefing by both parties. On December 23, 2021, the bankruptcy court issued an order dismissing the Sternitzkys' case and granting State Bank's motion for relief from the automatic stay.

## B. Bankruptcy Court's Decision

 In her now published opinion, *In re Sternitzky*, 635 B.R. 353 (Bankr. W.D. Wis. 2021), Bankruptcy Judge Catherine J. Furay made two separate good faith determinations with respect to the Sternitzkys third Chapter 12 petition, finding cause to grant the creditor's motions under 11 U.S.C. § 362(d)(1) and § 1208(c) as a party in interest. The judge based her lack of good faith determination on undisputed facts in the record and the

parties' briefs.

First, Judge Furay found that State Bank had established several factors outlined in *In re Grieshop*, 63 B.R. 657, 662–63 (Bankr. N.D. Ind. 1986), each pointing to a lack of good faith as grounds for relief from the automatic state under § 362(d)(1). These included: the Sternitzkys' past filings and transfers of property immediately preceding events in the state court foreclosure action; State Bank's motions for relief from stay in past cases; the Sternitzkys' defaults on stipulations in prior cases; the Sternitzkys' failure to pay taxes on collateral; the nature of the debt incurred in the ordinary course of business; and the Sternitzkys' reasons for dismissing their two earlier Chapter 12 petitions. *In re Sternitzky*, 635 B.R. at 359. After noting that such strategic filings are not enough by themselves to justify relief from the stay, Judge Furay also found that the Sternitzkys' *repeated* strategic filings had effectively hindered the state court foreclosure for more than three years. *Id.* Accordingly, she determined that the Sternitzkys' serial filings revealed an intent to abuse the judicial process, at least when compounded by broken stipulation agreements, a repeated lack of scheduled payments, and failure to affect a speedy and efficient reorganization. *Id.* at 360. In light of these findings, Judge Furay held that the Sternitzkys lacked sufficient good faith in filing their petition to justify granting State Bank's petition for relief from the automatic stay.

Second, Judge Furay found that the Sternitzkys' lack of good faith justified dismissal of their current Chapter 12 petition for cause under § 1208(c). In so holding, the bankruptcy judge relied on many of the same facts she had already examined in finding the Sternitzkys' lack of good faith under § 362(d)(1). In addition, she considered the

Sternitzkys' repeated and unreasonable actions to defer or delay matters in their Chapter 12 cases, as well as avoid the consequences of the state court foreclosure action on the eve of important events.  Judge Furay also noted the Sternitzkys' failure to honor agreements with creditors, to perform under previous Chapter 12 plans, and to make post-petition payments to other secured creditors.   After considering the facts, the bankruptcy court also found that the Sternitzkys' actions had caused a 3 ½ year delay that prejudiced their creditors, violated the purpose and spirit of Chapter 12, and, accordingly, warranted dismissal of their petition for cause under § 1208(c).

The Sternitzkys timely appealed the bankruptcy court's decision, and this district court now has appellate jurisdiction over this dispute under 28 U.S.C. § 158(a).

OPINION

The Sternitzkys argue that the bankruptcy court made several legal and factual errors in finding they lacked good faith in filing their most recent Chapter 12 petition, including by: (1) failing to consider the totality of the circumstances; (2) considering their defaults on prior stipulation agreements; and (3) not holding an evidentiary hearing to evaluate their subjective intent.   The district court reviews the bankruptcy court's conclusions of law *de novo* and evaluates its factual findings for clear error.  *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).  The clearly erroneous standard "requires this court to give great deference to the bankruptcy court, the trier of fact."  *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).  A bankruptcy court's factual findings cannot be disturbed "simply because [the district court] is convinced it would have decided the case differently."  *In re Weber*, 892 F.2d 534, 538 (7th Cir.1989) (quoting *Anderson v. City of Bessemer City*, 470

5

U.S. 564, 573 (1985)).

Bankruptcy courts routinely find that a lack of good faith in filing may serve as sufficient cause to lift the automatic stay and to dismiss a bankruptcy case. *In re Beswick*, 98 B.R. 900, 902 (Bankr. N.D. Ill. 1989); *In re Foster*, 283 B.R. 917, 919 (Bankr. E.D. Wis. 2002) (citing decisions by several courts). "The decision as to whether to lift the stay is committed to the discretion of the bankruptcy court." *In re C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995) (citing *In re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)). Similarly, a bankruptcy court's order dismissing a case for cause "under § 1208(c) is discretionary and depends on the particular circumstances involved." *In re Wickersheim*, 107 B.R. 177, 182 (Bankr. E.D. Wis. 1989). Here, both the decision to dismiss for cause under § 1208(c) and to grant relief from the automatic stay under § 362(d) fall within the discretion of the bankruptcy court.

The Bankruptcy Code does not have a statutory good faith filing requirement. *In re Love*, 957 F.2d at 1354. However, bankruptcy courts employ the good faith evaluation to maintain the integrity of the bankruptcy process by denying its jurisdiction to debtors who abuse the provisions, purpose, or spirit of Title 11. *Id.* at 1357; *In re Beswick*, 98 B.R. 900, 902 (Bankr. N.D. Ill. 1989). The Seventh Circuit has noted that good faith is a term "incapable of precise definition, and therefore, the good faith inquiry is a fact intensive determination better left to the discretion of the bankruptcy court." *In re Love*, 957 F.2d at 1355. In making a good faith determination as cause, bankruptcy courts should "look at the totality of the circumstances" to make the decision "on a case-by-case basis." *Id.* As in this case, courts often use a non-exhaustive list of factors to assess the totality of the

circumstances, including the nature of the debt, how the debt arose, the debtor's motive in filing, how the debtor's actions affected creditors, and the debtor's treatment of creditors both before and after the petition was filed. *Id.* at 1357.

The Sternitzkys contend that the bankruptcy court did not properly apply the totality of the circumstances standard in finding that they lacked good faith in filing a third petition on the heels of voluntarily dismissing their second petition for lack of a viable reorganization plan. In particular, they contend that the bankruptcy court improperly focused on their serial filings and past stipulation agreements and ignored facts demonstrating their good faith. The Sternitzkys' arguments are not persuasive. *First*, the bankruptcy court applied the correct legal standard in determining whether the Sternitzkys lacked good faith by "looking at the totality of the circumstances." *In re Sternitzky*, 635 B.R. at 363; *see In re Love*, 957 F.2d at 1355 (citing *In re Smith*, 848 F.2d 813, 816 (7th Cir. 1988)). Indeed, by considering a non-exhaustive list of factors, and recognizing that no one of which is dispositive, the bankruptcy court correctly observed that the core of its inquiry "is whether the debtor has abused the bankruptcy process." *In re Sternitzky*, 635 B.R. at 363 (quoting *In re Burger*, 254 B.R. 692, 696 (Bankr. S.D. Ohio 2000)).

*Second*, contrary to the Sternitzkys' argument, the bankruptcy court did not rely on the Sternitzkys' serial filing or past stipulated agreements with State Bank as dispositive factors in finding a lack of good faith. While there are certainly several facts in the record supporting the court's finding of a pattern of strategic filings and stipulated dismissals, the court found a number of other, substantial factors weighing in favor of finding the Sternitzkys' lacked good faith in filing a third Chapter 12 petition. *In re Sternitzky*, 635

B.R. at 358 (enumerating factors considered) (citing *In re Grieshop*, 63 B.R. at 662-63). Specifically, the bankruptcy court noted that while their secured debt arose in the ordinary course of the debtors' farming business, they strategically timed their serial petitions to thwart state court foreclosure at crucial moments, failed to remain current on pre-petition stipulation payments, post-petition payments to creditors and accruing real estate taxes payments on collateral; in addition, the court found telling that the debtors had delayed their reorganization for over three years across three Chapter 12 cases. *In re Sternitzky*, 635 B.R. at 359–60; *see also In re Beswick*, 98 B.R. at 903 (finding debtors lacked good faith after filing first Chapter 12 petition just before a state court foreclosure hearing, having the first case dismissed after being unable to file a confirmable plan for more than one year, and then filing a second Chapter 12 after creditors proceeded with actions in state court). Because the bankruptcy court considered a number of other factors, all grounded in undisputed facts from the record, this court cannot conclude the bankruptcy court abused its discretion in also weighing the Sternitzkys' three, strategic filings of Chapter 12 petitions.

*Third*, the Sternitzkys contend the bankruptcy court erred by failing to consider facts that weighed in *favor* of finding good faith, including their motive for filing, their employment history, and the duration and accuracy of their proposed Chapter 12 plan. However, this argument again relates to the *weight* of the evidence, without identifying any clear error, nor suggesting the bankruptcy court lacked access to the relevant evidence. Regardless, this court may not reverse the bankruptcy court's determination of a lack of good faith if that court's account of the evidence "is plausible in light of the record viewed

in its entirety." *In re Love*, 957 F.2d at 1354 (finding clear error exists when the reviewing court is "left with the definite and firm conviction that a mistake has been committed") (quoting *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988). Under this standard, "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson*, 470 U.S. at 574. Thus, the bankruptcy court did not commit "clear error" by exercising its discretion as the trier of fact and drawing inferences from the totality of the circumstances to conclude that the Sternitzkys lacked good faith in filing their third Chapter 12 petition.

*Fourth*, the Sternitzkys argue the bankruptcy court erred as a matter of law by considering a voluntary stipulation agreement they entered into during their second Chapter 12 as part of the totality of the circumstances, as well as their subsequent default under that agreement. In particular, the Sternitzkys argue that 11 U.S.C. § 349, which governs the effect of a dismissal, bars outright the bankruptcy court from considering an earlier stipulation agreement. However, the purpose of § 349 is to reverse what transpired during earlier bankruptcy proceedings and to restore the parties' respective property rights to their pre-bankruptcy status, *In re Newton*, 64 B.R. 790, 793 (C.D. Ill. 1986), not to ignore altogether past actions of the debtor or creditors in evaluations of good faith. Thus, even if § 349 invalidated the stipulation agreement reached in the Sternitzkys' second Chapter 12, the *enforceability* of that agreement does not preclude the bankruptcy court from considering the broken agreement in assessing the Sternitzkys' good faith in filing a later petition. Unsurprisingly, the Sternitzkys cite no legal authority for that proposition. Instead, under the totality of the circumstances test, the Seventh Circuit has recognized a

9

bankruptcy court's broad discretion to assess the facts on a case-by-case basis, including the debtors' pre-petition conduct and history of prior bankruptcies.  *See In re Love*, 957 F.2d at 1359 (refusing to interfere with bankruptcy court's discretion to consider pre-petition facts under the totality of the circumstances); *see also In re Earl*, 140 B.R. 728, 735 (Bankr. N.D. Ind. 1992) (finding debtor's history of filings and dismissals suggests an abuse of the bankruptcy process and lack of good faith).

*Finally*, the Sternitzkys argue the bankruptcy court was *required* to hold an evidentiary hearing to assess their subjective intent before finding they lacked good faith in filing their third petition.  However, the bankruptcy court was not obligated to hold an evidentiary hearing to decide State Bank's motions to lift an automatic stay or dismiss a petition.  While the bankruptcy court may act on a motion brought under § 1208(c) and § 362(d)(1) by a party in interest "after notice and a hearing," neither 11 U.S.C. § 102(1), nor the Federal Rules of Bankruptcy Procedure, require an *evidentiary* hearing to satisfy this requirement.  Fed. R. Bankr. P. 9014(a) (motions to dismiss and for relief from stay are contested matters, which shall be afforded "reasonable notice and opportunity for hearing").  The notice and hearing standard in the Bankruptcy Code does not require the bankruptcy court to hold a formal hearing relevant to each issue it decides, it only requires "opportunity for hearing as is *appropriate in the particular circumstances*."  11 U.S.C. § 102(1)(A) (emphasis added); *see also In re Bartle*, 560 F.3d 724, 729 (7th Cir. 2009) ("The parties are entitled to an opportunity to be heard, not to a particular type of hearing.").

Moreover, the Seventh Circuit has held that "even if an interested party does demand a hearing, when the parties have otherwise placed the relevant facts before the

court, or the court by virtue of having presided over the case is already familiar with those facts, a formal, evidentiary hearing on the motion to dismiss or convert the bankruptcy is not necessary." *In re Bartle*, 560 F.3d at 729.  As the trier of fact, the bankruptcy court is "entitled to make inferences about a debtor's intent based on the facts in the record" without holding a formal hearing. *In re Killian*, 529 B.R. 257, 265 (Bankr. C.D. Ill. 2013) (citing *In re Neis*, 723 F.2d 584, 589 (7th Cir. 1983)).

Regardless, the Sternitzkys do not dispute any of the facts in the record. Because the bankruptcy court presided over the case, held a preliminary hearing on the issues, requested briefs from the parties, and grounded its findings with support from the record, therefore, this court cannot conclude that the bankruptcy court erred by failing to hold an evidentiary hearing and inferring the Sternitzkys' intent from undisputed facts in the record.

Accordingly, the bankruptcy court applied the appropriate standard and did not clearly err in finding the Sternitzkys' lack of good faith in filing their third Chapter 12 petition, and this court must affirm the order granting State Bank relief from stay, dismissing the petition and barring a refiling for 180 days.

ORDER

IT IS ORDERED that the decision of the bankruptcy court granting the motion for relief from the automatic stay and motion to dismiss the Sternitzkys' Chapter 12 case is AFFIRMED, and the Sternitzkys' appeal is DENIED.

Entered this 14th day of November, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge